Charles Elbert **WILLIAMS**, Appellant,

v.

**H. E. MOORE**, Warden, Texas Department of Corrections, Appellee.

No. 18684.

United States Court of Appeals
Fifth Circuit.

Jan. 23, 1961.

Rehearing Denied Feb. 18, 1961.

Thomas H. Dent, Galveston, Tex., for appellant.

Tom I. McFarling, Asst. Atty. Gen., Jack Hardee, Dist. Atty., Athens, Tex., for appellee.

Before TUTTLE, Chief Judge, and BROWN and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from a judgment dismissing a petition for habeas corpus in a capital case after full hearing on oral testimony in the trial court. The appellant, a Negro, was indicted, tried, and convicted in the Texas criminal courts on a charge of rape of a white woman.

The basis of the relief sought in the Federal court is the allegation that a confession that was introduced on the trial was coerced by violence and threats of violence and false promises by the police officers and the prosecuting attorney and an allegation that appointed counsel were incompetent, and they prevented appellant from testifying that the alleged rape was in fact the voluntary act of the prosecutrix by telling him that if he took the stand and testified he would be shot and killed in the courtroom. There was no charge of unseemly conduct in or about the courtroom, or any threats of bodily injury by popular clamor or mob violence.

On the state court trial the prosecutor laid full groundwork for introduction of the confession, and no objection to its reception in evidence was made by counsel for the accused. Nor was any such contention made as a part of the motion for

new trial filed by court appointed counsel but *amended by present counsel for petitioner,* who thereafter represented appellant in the appeal. The conviction was affirmed on appeal. Williams v. State, Tex.Cr.App., 335 S.W.2d 224.

Our reading of the entire trial record discloses no basis on which the Court of Criminal Appeals could have found error. The record discloses that counsel was alert and vigorous in cross examination and in objecting to evidence, and that the trial court was prompt to protect the accused's legal rights.

The court denied a motion for rehearing and the United States Supreme Court denied a petition for certiorari, 364 U.S. 851, 81 S.Ct. 98, 5 L.Ed.2d 75.

Thereafter the appellant filed a motion for leave to file a petition for writ of habeas corpus with the Court of Criminal Appeals of Texas. This motion was denied. This being the court of last resort for the entertaining of such a motion, we find that appellant had exhausted all state remedies and that the trial court had jurisdiction to entertain this petition.

The trial court, the Honorable Allen B. Hannay, set the petition down for hearing on November 16, 1960. The petitioner was sworn and testified that after he was arrested in Houston County, and had been held in jail there over night, he was taken to Rusk, in adjacent Cherokee County, by several police officers, and there was subjected to beatings and threats, including the snapping of a partially loaded pistol in his face to force him to sign a confession; that after he had been subjected to such threats and abuse he agreed to confess, and was then returned to Houston County, where the county prosecutor tricked him into signing the confession by telling him it was an application for bond. He testified he did not read it or know what was in it, but that he signed it while folded so he could not see the statement.

Williams also testified that his counsel had not been appointed until the day of the trial; that he told counsel that the intercourse had been at the invitation of the accused, and that the lawyer told him he did not dare testify to that or the prosecutrix's brother would shoot him on the witness stand. He did not testify that he had ever told counsel that he had given the confession or that it had been coerced.

The State introduced as witnesses the county attorney and a deputy sheriff and a state police officer, all of whom testified that the confession was made within an hour after appellant's arrest and at his own suggestion, and was written up and read to him and signed only after he had been warned of his constitutional rights. The document bears the date as testified to by the officers rather than the date three weeks later claimed by the accused.

The appointed counsel testified that he had been appointed several weeks before the trial and had had several conferences with appellant, that he had not decided whether to advise him to take the witness stand until near the close of the state case. He denied telling appellant that he would be shot by anybody if he told his story from the witness chair. He did not testify whether he knew anything about the confession.

On the evidence thus adduced, and after reading the entire trial record in the State Court case (see Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469) the trial court found that the confession had been made voluntarily and was admissible, and that counsel had not knowingly suppressed any evidence of benefit to the petitioner.

In light of failure of the accused to raise the issue of coercion on the trial, although represented by competent counsel, and in view of the overwhelming testimony of regularity in the giving of the confession, and further in light of the admission by the defendant in the habeas corpus trial that the act of intercourse had actually occurred—thus eliminating all question of identification present in many rape cases—we conclude that the trial court's findings are fully supported in the habeas corpus record.

The judgment is affirmed.